BRIAN A. BARBOZA, State Bar No. 257423
JULIE S. KURT, State Bar No. 255790
1400 N. Dutton Ave. Suite 21
Santa Rosa, Ca 95401
(707) 527-8553 Fax (707) 545-1522

Attorneys for Debtor
KATHLEEN A. TOBENER

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

In Re

KATHLEEN A. TOBENER,

Debtor,
_______________________________________/

KATHLEEN A. TOBENER,

Plaintiff,

vs.

HILCO RECEIVABLES A LIMITED LIABILITY COMPANY; PROVIDIAN/WNB; ERICA L. BRACHFELD; LAW OFFICES OF BRACHFELD & ASSOCIATES, A PROFESSIONAL CORPORATION; DOES ONE through FIFTEEN, inclusive.

Defendants.

Case No.: 09-12124

CHAPTER 7

**COMPLAINT FOR DAMAGES FOR VIOLATION OF AUTOMATIC STAY; VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT PURSUANT TO 15 U.S.C. §1692c; VIOLATION OF CIVIL CODE SECTION 1788.14; DECLARATORY RELIEF AND FOR INJUNCTIVE RELIEF FOR VIOLATION OF 11 U.S.C. § 362**

ADVERSARY PROCEEDING

NO.

Plaintiff, KATHLEEN A. TOBENER, alleges as follows:

## JURISDICTION

1. This adversary proceeding is one arising in the chapter 7 case of KATHLEEN A. TOBENER ("Debtor" or "Plaintiff"), Case Number 09-12124, now pending in this Court. This Court has jurisdiction pursuant to 28 U.S.C. § 157(b)(1).

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b) et seq.

3. Venue is proper under 28 U.S.C. §1409(a).

4. Plaintiff KATHLEEN A. TOBENER, 165 Presidential Circle, Healdsburg, CA 95448, is the Debtor in this Chapter 7 case.

5. Defendant HILCO RECEIVABLES a Limited Liability Company, is the assignee of Defendant PROVIDIAN/WMB.

6. Defendants Attorney at Law ERICA L. BRACHFELD, and LAW OFFICES OF BRACHFELD & ASSOCIATES, a Professional Corporation, 20300 S Vermont Ave Suite 120, Torrance, CA 90502, was employed by and an agent of HILCO RECEIVABLES L.L.C.

**FACTS**

7. On January 2, 2009, defendant ERICA L. BRACHFELD and the LAW OFFICES OF BRACHFELD & ASSOCIATES filed a lawsuit entitled *Capital One Bank U.S.A. v. Tobener*, Case No. MCV-201556.

8. On June 2, 2009, defendant ERICA L. BRACHFELD and the LAW OFFICES OF BRACHFELD & ASSOCIATES were notified in writing that Plaintiff was represented by attorney Julie S. Kurt for purposes of filing a Chapter 7 Bankruptcy.

9. On July 10, 2009, Plaintiff filed her bankruptcy petition, case number 09-12124.

10. In the bankruptcy petition, schedule F and creditor matrix, Plaintiff listed an obligation to all of her creditors, including the debt assigned to Defendant HILCO RECEIVABLES L.L.C. by PROVIDIAN/WNB.

11. Plaintiff also listed and provided notice to Defendant ERICA L. BRACHFELD, and LAW OFFICES OF BRACHFELD & ASSOCIATES on her creditor matrix.

12. Due to the initiation of a separate law suit by Capital One, who was represented by defendant ERICA L. BRACHFELD at the LAW OFFICES OF BRACHFELD & ASSOCIATES, on July 10, 2009, a Notice of Stay of Proceedings was filed with the Sonoma County Superior Court, in the matter of *Capital One Bank U.S.A. v. Tobener*,



Case: 09-01127 Doc# 1 Filed: 10/03/09 Entered: 10/03/09 14:36:19 Page 2 of 7

Case No. MCV-201556 and served on defendant ERICA L. BRACHFELD at the LAW OFFICES OF BRACHFELD & ASSOCIATES.

13. On July 14, 2009, the notice of the meeting of creditors, pursuant to 28 U.S.C. 341, was generated by the court and individual notices were served upon defendants LAW OFFICES OF BRACHFELD & ASSOCIATES, PROVIDIAN/WNB and HILCO RECEIVABLES, LLC.

14. On July, 31, 2009, twenty one days after receiving notice of the automatic stay, the LAW OFFICES OF BRACHFELD & ASSOCIATES acting on behalf of HILCO RECEIVABLES filed a new lawsuit in the Superior Court of California Sonoma County, case number MCV 205569, naming Debtor KATHLEEN A. TOBENER as defendant. The new lawsuit was an attempt to collect the aforementioned preexisting debt listed in Plaintiff's bankruptcy petition.

15. Defendants hired process server Charles Darwin, creating an agency relationship, in order to serve Debtor KATHLEEN A. TOBENER with the summons and complaint in the new lawsuit.

16. On August 10, 2009, process server Charles Darwin went to Debtor's home to serve KATHLEEN A. TOBENER personally. The process server contacted Debtor's minor child at the home. Due to the process server's persistence, the child felt obligated to telephone his mother KATHLEEN A. TOBENER. At that time, the process server and KATHLEEN A. TOBENER had a lengthy phone conversation resulting in the onset of emotional distress in the debtor.

17. On August 11, 2009, the process server returned to the Debtor's Home and served KATHLEEN A. TOBENER personally with said summons and complaint.

18. The initiation of the state court lawsuit and personal service of said summons and complaint caused defendant to suffer severe emotional distress resulting in great personal and financial hardships.

## FIRST CAUSE OF ACTION
## VIOLATION OF 11 U.S.C. §362 - THE AUTOMATIC STAY

**(Against ERICA L. BRACHFELD, LAW OFFICES OF BRACHFELD & ASSOCIATES, PROVIDIAN/WNB, HILCO RECEIVABLES, and DOES 1-5)**

19. Plaintiff incorporates by reference the allegations of paragraphs 1 through 18 of this complaint.

20. By filing said law suit and serving Debtor with summons and complaint after Debtor filed her bankruptcy case, and served defendants with numerous notices of the bankruptcy case, defendants and each of them violated the automatic stay provision of the Code, 11 U.S.C. §362(a) an action to collect a debt against the debtor so as to obtain possession of property of the estate.

21. As a proximate result of the conduct of Defendants, Plaintiff suffered actual damages consisting of financial loss, and severe emotional distress which is causally connected to the violation of the automatic stay.

WHEREFORE, Plaintiff requests that this court:

1. Take jurisdiction of this case;
2. Enter judgment and grant relief declaring that defendants' conduct violates 11 U.S.C. §362;
3. Enjoin defendants, their successors, agents, employees, and all other persons in active concert and participation with them from continuing their practice of action to collect a debt against the debtor so as to obtain possession of property of the estate;
4. Order Defendants, their successors, agents, employees, and all other persons in active concert and participation with them to take no action pursuant to the July 31, 2009, filing of case number MCV 205569;
5. Award Plaintiff punitive damages under 11 U.S.C. §362(k)(1);
6. Award Plaintiff statutory damages under 11 U.S.C. §362(k)(2);
7. Award Plaintiff emotional distress damages under 11 U.S.C. §362(k) and *In re Dawson* (9th Cir. 2004) 390 F.3d 1139;



Case: 09-01127 Doc# 1 Filed: 10/03/09 Entered: 10/03/09 14:36:19 Page 4 of 7

8. Award Plaintiff her attorney fees herein;

9. For costs of suit; and

10. For such other relief as the Court deems just and proper.

## SECOND CAUSE OF ACTION

**VIOLATION OF 15 U.S.C. §1692c –
FAIR DEBT COLLECTION PRACTICES ACT**

**(Against DEFENDANTS ERICA L. BRACHFELD, LAW OFFICES OF BRACHFELD & ASSOCIATES, PROVIDIAN/WNB, HILCO RECEIVABLES, AND DOES 6-10)**

22. Plaintiff incorporates by reference the allegations of paragraphs 1 through 21 of this complaint.

23. On August 10, 2009 and August 11, 2009, Defendants ERICA L. BRACHFELD and LAW OFFICES OF BRACHFELD & ASSOCIATES, acting on behalf of HILCO RECEIVABLES, LLC and PROVIDIAN/WNB, served Debtor with a summons and complaint in California Superior Court Case number MCV 205569 for the purpose of collecting a debt.

24. At the time case number MCV 205569 was filed Defendants had written notice that Debtor was represented by The Law Offices of Attorney Julie S. Kurt.

25. At the time Debtor was served with the summons and complaint defendants had written notice that Debtor was represented by The Law Offices of Julie S. Kurt.

26. Despite having actual knowledge of debtor's legal representation Defendants contacted the debtor at her home in an attempt to collect a debt.

27. As a proximate result of the conduct of Defendants, Plaintiff suffered actual damages consisting of financial loss, and severe emotional distress.

WHEREFORE, Plaintiff requests that this court:

1. Take jurisdiction of this case;

2. Enter judgment and grant relief declaring that defendants' conduct violates 15 U.S.C. §1692c(a)(2);

3. Enjoin defendants, their successors, agents, employees, and all other persons in active concert and participation with them from continuing their practice of



Case: 09-01127 Doc# 1 Filed: 10/03/09 Entered: 10/03/09 14:36:19 Page 5 of 7

action to collect a debt against the debtor so as to obtain possession of property of the estate;

4. Order Defendants, their successors, agents, employees, and all other persons in active concert and participation with them to take no action pursuant to the July 31, 2009, filing of case number MCV 205569;
5. Award Plaintiff statutory damages under 15 U.S.C. §1692k (a)(2)(A);
6. Award Plaintiff emotional distress damages under 15 U.S.C. §1692k (a)(1);
7. Award Plaintiff her attorney fees under 15 U.S.C. §1692k (a)(3) herein;
8. For costs of suit; and
9. For such other relief as the Court deems just and proper.

## THIRD CAUSE OF ACTION

## VIOLATION OF CALIFORNIA CIVIL CODE SECTION 1788.14

**(Against DEFENDANTS ERICA L. BRACHFELD, LAW OFFICES OF BRACHFELD & ASSOCIATES, PROVIDIAN/WNB, HILCO RECEIVABLES AND DOES 11-15)**

28. Plaintiff incorporates by reference the allegations of paragraphs 1 through 26 of this complaint.
29. On August 10, 2009 and August 11, 2009, Defendant LAW OFFICES OF ERICA L. BRACHFELD, acting on behalf of HILCO RECEIVABLES, LLC and PROVIDIAN/WNB, served Debtor with a summons and complaint in California Superior Court Case number MCV 205569 for the purpose of collecting a debt.
30. At the time case number MCV 205569 was filed Defendants had written notice that Debtor was represented by The Law Offices of Attorney Julie S. Kurt.
31. At the time Debtor was served with the summons and complaint defendants had written notice that Debtor was represented by The Law Offices of Julie S. Kurt.
32. Despite having actual knowledge of debtor's legal representation Defendants contacted the debtor at her home in an attempt to collect a debt.



Case: 09-01127 Doc# 1 Filed: 10/03/09 Entered: 10/03/09 14:36:19 Page 6 of 7

33. As a proximate result of the conduct of Defendants, Plaintiff suffered actual damages consisting of financial loss, and severe emotional distress.

WHEREFORE, Plaintiff requests that this court:

1. Take jurisdiction of this case;
2. Enter judgment and grant relief declaring that defendants conduct violates California Civil Code Section 1788.14(c);
3. Enjoin defendants, their successors, agents, employees, and all other persons in active concert and participation with them from continuing their practice of action to collect a debt against the debtor so as to obtain possession of property of the estate;
4. Order Defendants, their successors, agents, employees, and all other persons in active concert and participation with them to take no action pursuant to the July 31, 2009, filing of case number MCV 205569;
5. Award Plaintiff statutory damages under California Civil Code Section 1788.30(b);
6. Award Plaintiff emotional distress damages under California Civil Code Section 1788.30(a).
7. Award Plaintiff her attorney fees under California Civil Code Section 1788.30(c) herein;
8. For costs of suit; and
9. For such other relief as the Court deems just and proper.

Dated: October 3, 2009

/s/
BRIAN A. BARBOZA
JULIE S. KURT
Attorneys for Plaintiff
KATHLEEN A. TOBENER



Case: 09-01127 Doc# 1 Filed: 10/03/09 Entered: 10/03/09 14:36:19 Page 7 of 7