UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

KATHLEEN A. TOBENER,                                    No. 09-12124

                              Debtor(s).
_____/

KATHLEEN A. TOBENER,

                         Plaintiff(s),

        v.                                                              A.P. No. 09-1127

HILCO RECEIVABLES, et al.,

                         Defendant(s).
_____/

Memorandum on Motion to Dismiss
_____

      The complaint in this adversary proceeding, filed by debtor and plaintiff Kathleen Tobener,
alleges that after she filed her bankruptcy petition defendants knowingly filed a state court action and
served her, causing distress to her and her family.  The complaint seeks relief on three grounds: that
defendants violated the automatic stay, that they violated the federal Fair Debt Collection Practices
Act, and that they violated California Civil Code Section 1788.14(c).  Defendants have responded to
the complaint by filing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil

1

1  Procedure, made applicable to bankruptcy cases by Rule 7012(b) of the Federal Rules of Bankruptcy
2  Procedure.

3      The motion is unusual in that it begins by conceding that Tobener has stated a claim for
4  violation of the automatic stay; the motion seeks dismissal of only the FDCPA and state law "claims."
5  In other words, it is in essence a demurrer to the second and third claims.  It would be proper to
6  address the motion if the complaint had been filed in state court, but there are no demurrers in federal
7  court.  A Rule 12(b)(6) motion addresses the complaint as a whole, not parts of it; such a motion
8  should be granted only when there is no recognized legal theory which would justify *any* relief under
9  the facts as alleged.  Once it is established that relief is possible, dismissal is not appropriate.  27A
10 **Fed.Proc.L.Ed**., Pleadings and Motions, § 62:461.

11     While the court could treat the motion as one for partial summary judgment, it declines to do so
12 at this time.  It does note, however, that the primary case upon which defendants rely, *Walls v. Wells*
13 *Fargo Bank,* 276 F.3d 502 (9th Cir.2002), is easily distinguished.  That case dealt with violation of the
14 discharge injunction, for which there is no private right of action.  There is a private right of action for
15 violation of the automatic stay.

16     For the foregoing reasons, defendants' motion to dismiss will be denied.  Counsel for Tobener
17 shall submit an appropriate form of order.

18

19 Dated:  December 28, 2009

20

21

22                                         Alan Jaroslovsky
                                          U.S. Bankruptcy Judge

23

24

25

26

2